## IN THE UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| KATHLEEN MULLEN & | : | |
| SAMANTHA HERTZOG | : | CIVIL ACTION |
| | : | No.: |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PRAVIN TENEJA;  KAJOL TENEJA, | : | |
| KELLER WILLIAMS REALTY  d/b/a | : | |
| KELLER WILLIAMS REALTY | : | |
| DEVON-WAYNE, and MARY ALLEN | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## **COMPLAINT**

### INTRODUCTION

1.  This is an action for declaratory relief, injunctive relief and damages against Pravin and
    Kajol Teneja, Mary Allen, and Keller Williams Realty Devon-Wayne (collectively
    "Defendants"), for housing discrimination based on the disability of Plaintiff Kathleen
    Mullen's (hereinafter "Plaintiff Mullen") daughter, Plaintiff Samantha Hertzog
    (hereinafter "Plaintiff Hertzog"). Plaintiff Hertzog was diagnosed with an intellectual
    disability at birth. At all relevant times herein, Plaintiff Mullen resided with Plaintiff
    Hertzog and intended to reside with Plaintiff Hertzog in order to provide the necessary care
    in the dwelling at issue. Specifically, Plaintiffs allege that Defendants discriminated in the
    rental of the property located at 606 Deer Run, Norristown, PA 19403 because Plaintiff
    Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Herzog.

1

2. This action is brought under the Fair Housing Amendments Act, 42 U.S.C.A. §§ 3601 *et seq* (hereinafter "FHAA") and 42 U.S.C. § 1985(3). Through this action, Plaintiffs seek injunctive relief, compensatory and punitive damages, attorney's fees, costs, and such other equitable relief that this Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, § 1337, and § 1343(a), and 42 U.S.C. § 3613 as the claims alleged herein arise under the laws of the United States, specifically the FHAA and 42 U.S.C. § 1985(3).

4. Venue is proper in the Eastern District of Pennsylvania because the events and/or omissions giving rise to Plaintiffs' claims occurred within this district, the property that is the subject of the action is situated in this district, and Defendants conduct business in this district.

## PARTIES

5. Plaintiff Kathleen Mullen is, and at all times relevant herein was, a resident of the State of Pennsylvania. Plaintiff Mullen's daughter, Plaintiff Samantha Hertzog, was diagnosed with an intellectual disability at birth. Plaintiff Mullen resided with her disabled daughter, Plaintiff Hertzog, and intended to reside with Plaintiff Hertzog at 606 Deer Run in order to provide the necessary care. Plaintiff Hertzog is, and at all relevant times herein was, an individual with a disability as that term is defined by FHAA (42 U.S.C. § 3602(h) and 24 C.F.R. §100.201). Plaintiff Hertzog was found by the Social Security Administration to be disabled on March 20, 2009. At all relevant times to the complaint, Plaintiff Mullen was the beneficiary of Plaintiff Hertzog's Supplemental Security Income (SSI) benefits and, as such, received a monthly payment of $794.00 per month to be used for Plaintiff Hertzog's

wellbeing and benefit. Accordingly, Plaintiff Mullen associated with an individual with a disability, Plaintiff Hertzog.

6. Plaintiff Samantha Hertzog is, and at all times relevant herein was, a resident of the State of Pennsylvania. Plaintiff Hertzog was diagnosed with an intellectual disability at birth. Plaintiff Hertzog is, and at all times relevant herein was, an individual with a disability as that term is defined by FHAA (42 U.S.C. § 3602(h) and 24 C.F.R. § 100.201). Plaintiff Hertzog was found by the Social Security Administration to be disabled on March 20, 2009.

7. Defendants Pravin and Kajol Teneja own and/or operate a place of business located at, and at all times relevant herein, were the owners of, 606 Deer Run, Norristown, PA 19403.

8. Upon information and belief, the Tenejas own and/or operate a place of business located at 756 Germantown Pike, Lafayette Hill, PA  19444. The Tenejas reside in Montgomery County and own multiple properties therein.

9. Defendant Keller Williams Realty Devon-Wayne is a corporation domiciled in the State of Pennsylvania with an address of 744 Lancaster Avenue, Suite 125, Wayne, Pa 19087. Keller Williams listed the property located at 606 Deer Run, Norristown, PA 19403.

10. Defendant Mary Allen is, and at all times relevant herein, a real estate broker and/or agent for Keller Williams Realty Devon-Wayne and was the listing agent for the property located at 606 Deer Run.

11. At all times pertinent hereto, Defendants acted either individually and/or through servants, agents, affiliates, representatives, related entities, partners, associates and/or employees for whose actions Defendants are responsible.

## STATEMENT OF FACTS

12. Plaintiff Kathleen Mullen's daughter, Plaintiff Samantha Herzog, was diagnosed with an intellectual disability at birth. Plaintiff Herzog resides with her mother, Plaintiff Mullen. Plaintiff Mullen acts as Plaintiff Hertzog's primary caretaker.

13. Plaintiff Hertzog was found by the Social Security Administration to be disabled on March 20, 2009. Plaintiff Mullen is the beneficiary of Plaintiff Hertzog's SSI benefits and, as such, at all relevant times to the complaint, received a monthly payment of $794.00 to be used for Plaintiff Hertzog's well-being and benefit.

14. On July 19, 2021, Jennifer Dacanay, a Sales Associate of the Weichert Realtors West Chester Sales Office, sent Plaintiff Mullen a standard application form via email to be completed for multiple properties.

15. On August 27, 2021, Ms. Dacanay sent Plaintiff Mullen's rental application materials to Mary Allen, the Keller Williams listing agent for the property located at 606 Deer Run. Ms. Dacanay represented to Ms. Allen that Plaintiff Mullen would be willing to pay three months of rent up front and a security deposit. Ms. Dacanay also represented to Ms. Allen that Plaintiff Mullen cared for her disabled daughter, Plaintiff Hertzog, and that she was the beneficiary of Plaintiff Hertzog's Supplemental Security Income (SSI). Ms. Dacanay submitted SSI benefit information for both Plaintiff Mullen and Plaintiff Hertzog to Ms. Allen. Ms. Dacanay further represented that Plaintiff Mullen's new employment would increase her monthly income to $6,900.00. Ms. Dacanay also provided information regarding Plaintiff Mullen's bankruptcy.

16. Plaintiff Mullen, through Ms. Dacanay, did not request a reasonable accommodation to the rental property for Plaintiff Hertzog.

17. On August 31, 2021, Ms. Allen represented to Ms. Dacanay via email that the property owners, the Tenejas, were "okay with" Plaintiff Mullen and inquired about whether Plaintiff Mullen could do a two or three-year lease.

18. On September 1, 2021, Ms. Dacanay represented to Ms. Allen that Plaintiff Mullen was interested in a two-year lease and inquired about whether Plaintiff Mullen could see the property.

19. On September 2, 2021, Ms. Allen represented to Ms. Dacanay that the Tenejas Defendants had reservations about Plaintiff Mullen and decided to rent the property to another applicant. Ms. Dacanay requested that Ms. Allen provide feedback and reiterated that Plaintiff Mullen was offering to pay $1,425.00 per month on the lease and $100 for any late rent payments.

20. On September 3, 2021, Ms. Allen stated in an email to Ms. Dacanay: "it was not the money [sic], it was more the [sic] fact that she has a handicapped child." Ms. Allen further represented to Ms. Dacanay that the property owner was worried that he would have to make changes to accommodate Plaintiff Hertzog. Ms. Allen stated that the property owner "felt there was too much risk." Ms. Dacanay represented to Ms. Allen that no modifications were requested nor were necessary to accommodate Plaintiff Hertzog. Ms. Dacanay inquired about whether the property owner would reconsider. Ms. Allen responded stating that she was "97% sure." Ms. Allen further stated: "I tried to lean him toward your girl but he said he did not think it was a good fit."

21. Plaintiff Mullen detrimentally relied on Ms. Allen's representation that the Tenejas Defendants were "okay with" her and gave notice to vacate her previous rental property located at 251 West Dekalb Pike Apt. E, 728, King of Prussia, PA 19406. Plaintiff

Mullen and Plaintiff Hertzog were forced to vacate their previous rental property and rent the first property for which they were accepted, located inside of Montgomery County. Residing outside of Montgomery County would require Plaintiff Mullen to transfer all of Plaintiff Hertzog's support services and risk the possibility that county funding may not be available, requiring her to be put on a waitlist.

22. Plaintiffs' monthly rent payments at their new residence are approximately $200 more than the monthly rent payments Plaintiffs would have paid at 606 Deer Run.

23. Plaintiff Mullen was and continues to be qualified to rent the property located at 606 Deer Run.

24. Upon information and belief, the Tenejas Defendants have denied Plaintiffs an opportunity to rent the property located at 606 Deer Run due Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

25. Upon information and belief, the Tenejas Defendants conspired with Defendant Allen to deny Plaintiff Mullen and Plaintiff Hertzog an equal opportunity for housing at 606 Deer Run due to Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

26. At all relevant times herein, Defendant Allen was acting as an agent for Keller Williams Devon-Wayne Realty.

27. The Teneja Defendants' refusal to rent to Plaintiff Mullen, due to Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog, has both caused and perpetuated emotional and economic harm to Plaintiff Mullen and Plaintiff Hertzog.

**COUNTS I THROUGH II AS AGAINST PRAVIN AND KAJOL TENEJA**

**COUNT I**

**FAIR HOUSING ACT, 42 U.S.C.** § 3604(f)(1)
*Rental Discrimination Based Upon Disability*

28. Plaintiffs re-allege and incorporate, by reference, each and every preceding paragraph as if fully set forth herein.

29. Defendants Pravin and Kajol Teneja held out that the property they owned located at 606 Deern Run was available to rent.

30. Plaintiff Mullen attempted to rent from Defendants Tenejas with the assistance of Jennifer Dacanay of Weichert Realtors, following the application process as set forth by Keller Williams Devon-Wayne Realty.

31. Plaintiff Mullen, through Ms. Dacanay, provided Ms. Allen, the listing agent, with reliable verification of Plaintiff Hertzog's disability. Ms. Allen then provided the Tenejas Defendants with information regarding Plaintiff Herzog's disability.

32. Defendants Tenejas, after having received notice of Plaintiff Hertzog's disability, discriminated against Plaintiffs by refusing to rent to them, or by otherwise making the apartment unit unavailable.

33. Defendants Tenejas, after having received notice of Plaintiff Hertzog's disability, discriminated against Plaintiffs by renting the property to another applicant.

34. Defendants Tenejas expressed their unwillingness to provide reasonable accommodations for Plaintiff Hertzog's disability, despite the fact that no reasonable accommodations were requested by Plaintiffs.

35. By refusing to rent the property located at 606 Deer Run to Plaintiff Mullen due to her Plaintiff Hertzog's disability, Defendants Tenejas have engaged in unlawful

discrimination on the basis of Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

36. Had Defendants Tenejas continued Plaintiff Mullen's rental application in good faith, Plaintiffs would not have given notice to vacate their previous residence and, thus, been: (1) at risk of transferring and/or losing funding for Plaintiff Hertzog's disability support services; and (2) required to make higher monthly rent payments.

37. Had Defendants Tenejas continued Plaintiff Mullen's rental application in good faith, Plaintiffs would not have endured emotional and economic distress created and/or perpetuated by Defendants Tenejas' discriminatory conduct.

38. Plaintiffs have suffered irreparable loss and injury including, but not limited to, mental anguish, emotional distress, pain and suffering, economic expense, and loss of their right to equal housing opportunities regardless of disability and/or association with an individual with a disability.

39. Plaintiffs have been injured by Defendants Tenejas' discriminatory conduct and, as a result, Plaintiffs qualify as "aggrieved person[s]" pursuant to 42 U.S.C. § 3602(i).

40. Defendants Tenejas' discriminatory conduct and actions were intentional, willful, knowing, taken in blatant disregard of Plaintiffs' rights, and/or the product of deliberate indifference.

41. Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiffs prays for judgment as set forth below.

<u>COUNT II</u>
**FAIR HOUSING ACT, 42 U.S.C. § 3604(c)**
*Discriminatory Statement and/or Preference*

42. Plaintiffs allege and incorporate, by reference, each and every preceding paragraph as if fully set forth herein.

43. Defendants Tenejas represented to listing agent Mary Allen that they did not wish to accept Plaintiff Mullen's rental application to 606 Deer Run because of Plaintiff Hertzog's disability.

44. Defendants Tenejas' statement expressed an intention to limit Plaintiffs' housing opportunity, or to otherwise discriminate against Plaintiffs with respect to the rental of the property located at 606 Deer Run, based on Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

45. Defendants Tenejas expressed to Ms. Allen that they did not wish to provide reasonable accommodations for Plaintiff Hertzog, despite the fact that Plaintiffs did not request a reasonable accommodation.

46. As a direct and proximate result of Defendants Tenejas' discriminatory statement and/or preference, Plaintiffs' attempts at obtaining equal access to housing opportunity at 606 Deer Run have been frustrated, and Plaintiff Mullen's rental application has been effectively terminated.

47. Accordingly, pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiffs prays for judgment as set forth below.

**COUNTS III THROUGH IV AS AGAINST KELLER WILLAIMS REALTY DEVON-WAYNE AND MARY ALLEN**

**COUNT III**
**FAIR HOUSING ACT, 42 U.S.C. § 3604(c)**
*Discriminatory Statement and/or preference*

48. Plaintiffs re-allege and incorporate, by reference, each and every preceding paragraph as if fully set forth herein.

49. At all relevant times herein, Defendant Allen was acting on behalf of Defendant Keller Williams Realty Devon-Wayne as an agent.

50. After Plaintiff Mullen submitted her rental application materials, through Ms. Dacanay, to Defendant Allen, Defendant Allen first represented that Defendants Tenejas were "okay with" Plaintiff Mullen. Merely days later, Defendant Allen represented to Ms. Dacanay that Defendants Tenejas had reservations about renting the property to Plaintiff Mullen and issued the following correspondence to Ms. Dacanay, "it was not the money [sic], it was more the [sic] fact that she has a handicapped child."

51. Defendant Allen's entirely unnecessary notification to Defendants Tenejas that Plaintiff's daughter was disabled, as Plaintiffs did not request nor require a reasonable accommodation for Plaintiff Hertzog, and Defendants Tenejas subsequent rejection of Plaintiff Mullen's rental application suggests that Plaintiffs were "dispreferred" for housing at the property located at 606 Deer Run solely on account of her Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

52. Defendant Allen's statement further demonstrates Defendants' collective intent to suggest a preference based on disability and to limit Plaintiffs' housing opportunity on Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog. Accordingly, Defendant Allen's statement is discriminatory and violates the FHAA.

53. As a direct and proximate result of Defendants Allen and Keller Williams Realty Devon-Wayne's discriminatory statement and/or preference, Plaintiffs' attempts at obtaining equal access to housing opportunity at the property located at 606 Deer Run have been frustrated and Plaintiff Mullen's rental application has been effectively terminated.

54. Accordingly, pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiffs prays for judgment as set forth below.

**COUNT IV**
**CONCERTED TORIOUS CONDUCT**

55. Plaintiffs re-allege and incorporate, by reference, each and every preceding paragraph as if fully set forth herein.

56. At all relevant times herein, Defendant Allen was acting as an agent of Defendant Keller Williams Realty Devon-Wayne.

57. Defendants Keller Williams Realty Devon-Wayne and Allen were aware that Defendants Tenejas had a duty to both further fair housing and to abstain from engaging in or promoting discriminatory conduct.

58. Defendants Keller Williams and Allen were aware that Defendants Tenejas had an obligation to provide plaintiff with equal access to housing opportunity in processing her application to rent the property located at 606 Deer Run and/or letting same.

59. Nevertheless, Defendant Allen, and Defendant Keller Williams as Allen's principal, substantially assisted and/or encouraged Defendants Tenejas to breach those duties by repeating, and thus ratifying, Defendants Tenejas' discriminatory preference and statements to Plaintiff Mullen's realtor, Ms. Dacanay. Defendant Allen in effect ratified Defendants Tenejas' decision to refuse to rent the property located at 606 Deer Run to

Plaintiffs due to Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

60.  Defendant Allen, and Defendant Keller Williams as Allen's principal, communicated to Ms. Dacanay/Plaintiffs of Defendant Tenejas' discriminatory preference for non-handicapped tenants and/or refusal to rent to Plaintiffs.

61. Defendant Allen, acting in concert with Defendants Tenejas and as part of a common design to deprive Plaintiffs of an equal opportunity to rent the property located at 606 Deer Run, agreed to represent to Plaintiff Mullen that her rental application was effectively denied and that Defendants Tenejas would instead be selecting another applicant.

62. Upon information and belief, Defendant Allen did not inform Defendants Tenejas that their decision to deny Plaintiff Mullen's rental application due to Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog violated the FHAA.

63. As a direct and proximate result of Defendants Keller Williams Realty Devon-Wayne and Allen's conduct, Plaintiffs have sustained injury including, but not limited to, emotional distress, pain and suffering, and financial expense.

64. Accordingly, Defendant Allen, and Defendant Keller Williams acted in concerted tortious conduct and/or are contributing tortfeasors.

65. Accordingly, Plaintiffs prays for judgment as set forth below.

## COUNT V AS ALL DEFENDANTS
### 42 U.S.C. § 1985(3)
### *Conspiracy to Interfere with Civil Rights*

66. Plaintiffs re-allege and incorporate, by reference, each and every preceding paragraph as if fully set forth herein.

67. Plaintiff Hertzog is intellectually disabled and is therefore a member of an identifiable protected class.

68. Plaintiff Mullen associates with Plaintiff Hertzog, who is intellectually disabled, and is therefore a member of an identifiable protected class.

69. Defendants Tenejas, Keller Williams Realty Devon-Wayne, and Mary Allen, motivated by discriminatory animus against Plaintiffs on account of Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog, conspired to deprive Plaintiffs, directly or indirectly, of their right to equal housing opportunity regardless of handicap and their right to be free from discrimination.

70. In furtherance of said conspiracy, Defendant Allen, upon information and belief, ratified and/or carried out Defendants Tenejas' discriminatory animus by representing to Ms. Dacanay that Defendants Tenejas did not wish to rent the property located at 606 Deer Run to Plaintiffs due to Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog. By making such a representation to Ms. Dacanay, Defendant Allen ratified and/or acted in furtherance of (a) Defendants Tenejas' denial of Plaintiffs' rental application due to Plaintiff Hertzog's disability/Plaintiff Mullen's association with Plaintiff Hertzog; and/or (b) Defendants Tenejas' discriminatory statement which suggested a preference based on disability which limited Plaintiffs' housing opportunity on account of Plaintiff Hertzog's disability and/or Plaintiff Mullen's association with Plaintiff Hertzog.

71. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiffs have suffered irreparable loss and injury including, but not limited to, mental anguish, emotional distress, pain and suffering, economic expense, and deprivation of their right to

equal housing opportunities regardless of disability. As such, Defendants' actions constitute a violation of 42 U.S.C. § 1985(3).

72. Accordingly, Plaintiffs prays for judgment as set forth below.

## PRAYER FOR RELIEF AS TO EACH COUNT

WHEREFORE, Plaintiffs demands judgment against Defendants as follows:

A. Declaring that Defendants' discriminatory housing practices, as set forth above, violate the FHAA and 42 U.S.C. § 1985(3);

B. Mandating that Defendants, at their own expense, undergo Fair Housing Act training provided by a HUD-approved entity;

C. Awarding Plaintiffs all statutory damages under federal and state laws;

D. Awarding Plaintiffs compensatory and punitive damages for Defendants' discriminatory conduct;

E. Awarding Plaintiffs their attorney's fees and costs in bringing this action to enforce the FHAA, 42 U.S.C. § 1985(3), and other relevant laws; and

F. Granting such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

ABARA LAW FIRM, PLLC.

By:    *s/ Obinna I. Abara*
      OBINNA I. ABARA, ESQUIRE
      Attorney  I.D. No.:  204964
      1950 Butler Pike, # 255
      Conshohocken, PA 19428
      (215) 360-3260
      Lead Attorney for Plaintiff

/s/ *Jillian McLaughlin*

      JILLIAN MCLAUGHLIN, ESQUIRE
      Attorney I.D. No.: 332471
      1950 Butler Pike,  # 255
      Conshohocken, PA 19428
      (610) 982-1973

      ***Attorneys for Plaintiff***

Date: _____6/23/2023_____

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_6/23/2023_
Date

Kathleen Mullen
Samantha Hertzog,
Plaintiffs